UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **CONNECTICUT FAIR HOUSING CENTER** <br><br> and <br><br> **CARMEN ARROYO, individually and as next friend for Mikhail Arroyo** <br><br>         *Plaintiffs,* <br><br>    v. <br><br><br> **CORELOGIC RENTAL PROPERTY SOLUTIONS, LLC** <br><br>         *Defendant.* | Case No. 3:18-cv-00705-VLB <br><br><br><br> September 6, 2018 |

## RULE 26(F) REPORT OF PARTIES' PLANNING MEETING

**Date Complaint Filed:**          April 24, 2018

**Date Complaint Served:**       July 3, 2018

**Date of Defendant's Appearance:**          July 19, 2018 (Motion for Extension filed)
                                    August 8, 2018 (Formal Appearance)

Pursuant to Fed. R. Civ. P. 16(b), 26(f), and D. Conn. L. Civ. R. 16, the parties conferred on August 20, 2018, September 4, 2018 and September 5, 2018. The participants were:

- Greg Kirschner, for Plaintiffs
- Salmun Kazerounian, for Plaintiffs
- Sarah White, for Plaintiffs
- Eric Dunn, for Plaintiffs

- **Timothy St. George, for Defendant**
- **Daniel Cohen, for Defendant**

## I.     CERTIFICATION

**Undersigned counsels certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsels further certify that they have forwarded a copy of this report to their clients.**

## II.     JURISDICTION

### 1.     Subject Matter Jurisdiction

**The Parties concur that the Court has subject-matter jurisdiction over Plaintiff's FHA and FCRA claims pursuant to 15 U.S.C. § 1681(p), 42 U.S.C. § 3613, 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.**

**Defendant states that it reserves the right to discover issues relating to the standing of either named Plaintiff to bring this action in a representative capacity on behalf of Mikhail Arroyo.**

### 2.     Personal Jurisdiction

**The Parties concur that the Court has personal jurisdiction.**

### III.     BRIEF DESCRIPTION OF CASE

1.     <u>Claims of Plaintiffs</u>

The Plaintiffs allege that Defendant's automated tenant screening product for criminal history, CrimSAFE, and the tenant screening report prepared by Defendant regarding Plaintiff Mikhail Arroyo unlawfully discriminate based on race and national origin in violation of the Fair Housing Act, 42 U.S.C. §§ 3601 et seq. The Plaintiffs allege that Defendant violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681g and 1681h, and unlawfully discriminated based on disability in violation of the Fair Housing Act by failing to provide Plaintiff Mikhail Arroyo's consumer file and maintaining policies that prevent disabled individuals from accessing the consumer file that forms the basis for Defendant's tenant screening reports on an equal footing with non-disabled consumers.  The Plaintiffs allege that Defendant's actions, including its provision of a tenant screening product that itself violates and facilitates housing providers' violation of the Fair Housing Act, are unfair and/or deceptive practices in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a et seq.

The Plaintiffs allege that the Defendant's actions damaged the Arroyo Plaintiffs by denying Mikhail Arroyo housing, prolonging his stay in a nursing home by approximately one year, frustrating his right under the Fair Housing Act to request a reasonable accommodation from his housing provider, causing the Arroyos to incur additional travel, medical, and housing expenses, and causing them emotional distress, humiliation, embarrassment and damage to reputation. The Plaintiffs allege that Defendant's actions have damaged the Plaintiff

**Connecticut Fair Housing Center by frustrating its mission of eliminating housing discrimination and diverting its scarce resources.**

**2. <u>Defenses of Defendants</u>**

**Defendant contends that it is not liable for any of the claims brought by Plaintiffs. As a consumer reporting agency, it does not provide housing and is not subject to the Fair Housing Act. Assuming, *arguendo*, that the Fair Housing Act does apply to it in connection with the claims in this action, Defendant has not violated the act, including on the following bases:**

- **Defendant has engaged in no disparate treatment as to Mikhail Arroyo on the basis of his alleged disability or his race.**

- **The policy that Plaintiffs allege resulted in a racially-disparate impact is not Defendant's policy, which precludes liability. Instead, the housing provider sets the criteria for Defendant to use when screening for criminal history.**

- **Plaintiffs' disability discrimination claims fail because Plaintiffs have not presented statistics showing that Defendant's consumer file disclosure policy has any discriminatory impact on the disabled.**

- **Defendant's file disclosure policy is too far removed from the housing decision at issue to sustain Plaintiffs' damages claims or any claim under the Fair Housing Act.**

**Defendant further will contest the applicability of any statistics presented by Plaintiffs and/or their claims regarding the availability of alternative policies for purposes of the Fair Housing Act and alleged liability.**

**Plaintiffs' claims under the Fair Credit Reporting Act fail because Defendant followed the mandates of 15 U.S.C. § 1681h in requiring proper identification before providing a consumer report.**

**Plaintiffs' state law claims fail because Defendant did not implement the policy that Plaintiffs allege violated the Connecticut Unfair Trade Practices Act. Additionally, Plaintiffs' request for a copy of Mikhail Arroyo's consumer file was not done in connection with "trade or commerce." Defendant's offering of the CrimSAFE product, and its file disclosure policies, also are not unfair or deceptive for purposes of the potential application of the Connecticut Unfair Trade Practices Act.**

**Defendant reserves the right to challenge the damages claimed by Plaintiffs, including whether any of the claimed damages were caused by Defendant's conduct.**

**Any violation of the above statutes, if proven, was also not done in a manner supporting any award of punitive damages, as claimed by Plaintiffs.**

**Defendant reserves the right to supplement and amend these defenses as discovery progresses.**

## IV.     STATEMENT OF UNDISPUTED FACTS:

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties stipulate to the following:

1. Defendant offers a tenant screening product to housing providers called Registry CrimSAFE ("CrimSAFE").

2. WinnResidential requested that Defendant provide a tenant screening report on Plaintiff Mikhail Arroyo in April 2016.

3. In 2016, Plaintiff Carmen Arroyo, acting as Plaintiff Mikhail Arroyo's conservator, requested Mr. Arroyo's consumer file from Defendant.

4. Ms. Arroyo never provided a power of attorney executed by Mr. Arroyo to Defendant.

5. Defendant did not provide Ms. Arroyo a copy of the consumer file of Mr. Arroyo.

## V.     CASE MANAGEMENT PLAN:

The parties request the following modifications to the Standing Order on Scheduling in Civil Cases as set forth below.

1. **Pretrial Conference**:  The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. Rule Civil Procedure 16(b).

2. **Early Settlement Conference**:  The parties do not request an early settlement conference.

3. **Joinder of Parties and Amendment of Pleadings**:  The parties do not seek

additional time to file motions to join additional parties. The Plaintiffs will file an amended complaint, if any, by October 31, 2018.

4. **Discovery:**

   a. At this point, the parties do not anticipate needing to alter the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1).

   b. **Scope of Discovery**

   Plaintiffs anticipate that they will need discovery on the following:

   - Defendant's alleged defenses;

   - Defendant's tenant screening products, especially the CrimSAFE product and related procedures for compiling and transmitting CrimSAFE reports;

   - Defendant's policies, practices, and training of its staff with respect to disclosure of consumer files;

   - Defendant's fair housing policies;

   - Defendant's dealings with WinnResidential and ArtSpace Windham;

   - Defendant's records and communications involving Mikhail Arroyo and/or Carmen Arroyo

   Defendants anticipate that they will need discovery on the following:

   - Plaintiffs' allegations in the Complaint;

   - Plaintiffs' alleged damages and related issues of causation;

   - Plaintiffs' proffered statistics;

   - Plaintiffs' rental applications to WinnResidential;

7

- **Carmen Arroyo's communications with Defendant, WinnResidential, and/or any third party about the allegations in this action;**
- **Carmen Arroyo's tenancy with WinnResidential;**
- **The 2017 administrative action filed by Mikhail Arroyo against WinnResidential;**
- **Mikhail Arroyo's background; and**
- **Mikhail Arroyo's disability.**

c. **Fact Discovery will commence immediately and be completed (not propounded) by August 23, 2019 ("Discovery End Date").**

d. **Expert discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed by the Discovery End Date.**

e. **The parties Rule 26(a) disclosures shall be made by September 28, 2018.**

f. **Discovery will not be conducted in phases.**

g. **Early discovery is not requested.**

h. **The parties must request permission to serve more than twenty five interrogatories.**

i. **Plaintiff anticipates requiring 12 depositions of fact witnesses. Defendants anticipate requiring up to 7 depositions of fact witnesses. Depositions will commence immediately and be completed by the Discovery End Date.**

j. **Expert Discovery: Both Plaintiffs and Defendant intend to call expert**

witnesses at trial.

   i. **Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a) on any issues on which they bear the burden of proof by January 15, 2019.  Depositions of any such experts will be completed by April 15, 2019.**

   ii. **Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a) on any issues on which they do not bear the burden of proof by March 15, 2019.  Deposition of any such experts will be completed by May 15, 2019.**

   iii. **Parties will designate all rebuttal experts retained for trial and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a) no later than 60 days before the Discovery End Date (by June 23, 2019).  Deposition of any such experts will be completed by the Discovery End Date (August 23, 2019).**

k. **A damages analysis will be provided by any party who has a claim or counterclaim for damages by May 1, 2019.**

l. **Electronically Stored Information**

   **Undersigned counsel have discussed the disclosure and preservation of electronically stored information ("ESI"), including, but not limited to, the form in which such data shall be produced, the application of**

      search terms in connection with the retrieval and production of such information, and the allocation of costs of assembling and producing such information; and the parties agree as follows:

        i. The parties will collaborate as to the format(s) in which ESI shall be produced in response to future discovery requests, with the mutual goal of keeping costs down.

        ii. In this filing, the parties agree to preserve electronically stored records (as they may exist) dating back to January 1, 2016.  Both sides agree to instruct the parties to preserve these records.

   m. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree that if any information that is privileged or subject to work-product protection is inadvertently disclosed, the disclosing party will have 15 days from the disclosure to assert the privilege or work-product protection and seek the return of the information. The party to whom the information is disclosed agrees not to review the information after the assertion of privilege or work-product and further to not duplicate that information or further disclose it.

5. Dispositive Motions, if any, will be filed on or before sixty (60) days after the Discovery End Date (by October 23, 2019).

6. The Joint Trial Memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed sixty (60) days after the Discovery End

**Date (by October 23, 2019) in the event that no dispositive motion is filed. In the event a dispositive motion or motions are filed, the joint trial memorandum shall be filed no later than 45 days after entry of denial of the dispositive motion or motions.**

## VI. <u>TRIAL READINESS:</u>

**This case will be ready for trial on December 1, 2019 or sixty days after the Court's ruling on any dispositive motion, whichever is later.**

**As officers of the Court, undersigned counsels agree to cooperate with each other and the court to promote the just, speedy and inexpensive determination of this action.**

**PLAINTIFFS,**

**/s/ Greg Kirschner**
**Greg Kirschner (ct26888)**
**Salmun Kazerounian (ct29328)**
**Sarah White (ct29329)**
**Connecticut Fair Housing Center, Inc.**
**60 Popieluszko Court**
**Hartford, CT 06106**
**(860) 263-0724**
**gkirschner@ctfairhousing.org**

**/s/ Eric Dunn**
**Eric Dunn,** *Pro Hac Vice*
**National Housing Law Project**
**919 E. Main Street, Ste. 610**
**Richmond, VA 23219**
**(415) 546-7000**
**edunn@nhlp.org**

**DEFENDANTS,**

**/s/ Daniel W. Cohen**
**Daniel W. Cohen (Bar No. CT 30467)**
**TROUTMAN SANDERS LLP**
**875 Third Avenue**
**New York, NY 10022**
**Telephone: (212) 704-6000**
**Facsimile: (202) 704-6288**
**Email: dan.cohen@troutman.com**


**/s/ Timothy J. St. George**
**Timothy J. St. George**
**TROUTMAN SANDERS LLP**
**1001 Haxall Point**
**Richmond, VA 23219**
**Telephone: (804) 697-1254**
**Facsimile: (804) 698-6013**
**Email: timothy.st.george@troutman.com**
*Pro hac vice pending*


**DATED:       September 6, 2018**

## CERTIFICATE OF SERVICE

      I hereby certify that on September 6, 2018 a copy of the foregoing was filed and served electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

      By:_____/s/_____
             Salmun Kazerounian