# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

**CONNECTICUT FAIR HOUSING CENTER and CARMEN ARROYO, individually and as next of friend for Mikhail Arroyo,**

        **Plaintiffs,**

      **v.**                                                    **Case No. 3:18cv00705-VLB**

**CORELOGIC RENTAL PROPERTY SOLUTIONS, LLC,**

        **Defendant.**                              **April 9, 2019**

## DEFENDANT CORELOGIC RENTAL PROPERTY SOLUTIONS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

Defendant, CoreLogic Rental Property Solutions, LLC ("RPS"), by and through its undersigned counsel, submits the following Answer to Plaintiffs' Complaint ("Complaint").

RPS denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. RPS further states that its investigation of the present matter is ongoing. Accordingly, RPS reserves the right to amend this Answer. RPS denies that it willfully or negligently violated any law, either individually, or collectively with any other individual or entity. RPS further denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint

In response to the separately numbered paragraphs in the Complaint, RPS states as follows:

## I.   INTRODUCTION

1.     RPS admits Plaintiffs purport to bring this action under the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601, *et seq.* ("FHA"), the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, *et seq.* ("CUTPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). RPS denies the remaining allegations in paragraph 1 of the Complaint and specifically denies it violated the FHA, the CUTPA, and/or the FCRA.  RPS further denies that it has harmed Plaintiffs either willfully or negligently, and denies that it is liable to Plaintiffs for any statutory, actual, or punitive damages, or injunctive relief under the FHA, the CUTPA, the FCRA, or any other law.

2.     The allegations in paragraph 2 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 2 are contrary to law, they are denied.

3.     RPS denies the allegations in paragraph 3 of the Complaint.

4.     RPS denies the allegations in paragraph 4 of the Complaint.

5.     RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and, therefore, denies the same.

6.     RPS denies the allegations in paragraph 6 of the Complaint.

7.     RPS denies the allegations in paragraph 7 of the Complaint.

8.     RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 8 of the Complaint and, therefore, denies the same. The remaining allegations in paragraph

2

8 of the Complaint state legal conclusions to which no response is required. To the extent the remaining allegations in paragraph 8 are contrary to law, they are denied.

9.      RPS denies the allegations in paragraph 9 of the Complaint.

10.      RPS denies the allegations in paragraph 10 of the Complaint.

11.      The allegations contained in the first sentence of paragraph 11 of the Complaint, including footnote 1, reference a document, which speaks for itself. RPS denies any allegations that are inconsistent with the text of the document. RPS denies the remaining allegations in paragraph 11 of the Complaint.

12.      RPS denies the allegations in paragraph 12 of the Complaint. The allegations contained in footnotes 2 through 4, reference documents, which speak for themselves.  RPS denies any allegations that are inconsistent with the text of these documents.

13.      RPS denies the allegations in paragraph 13 of the Complaint.

14.      RPS denies the allegations in paragraph 14 of the Complaint.

15.      RPS denies the allegations in paragraph 15 of the Complaint.

16.      RPS denies the allegations in paragraph 16 of the Complaint.

17.      RPS denies the allegations in paragraph 17 of the Complaint.

18.      RPS denies the allegations in paragraph 18 of the Complaint.

19.      RPS denies the allegations in paragraph 19 of the Complaint.

20.      RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint and, therefore, denies the same.

21.      RPS denies the allegations in paragraph 21 of the Complaint.

22.     RPS denies the allegations in paragraph 22 of the Complaint.

## II.     JURISDICTION AND VENUE

23.     The allegations in paragraph 23 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 23 are contrary to law, they are denied.

24.     The allegations in paragraph 24 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 24 are contrary to law, they are denied.

## III.     THE PARTIES

25.     RPS admits Carmen Arroyo purports to bring this action individually and as next friend for Mikhail Arroyo. The remaining allegations in paragraph 25 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 25 are contrary to law, they are denied.

26.     The allegations in paragraph 26 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 26 are contrary to law, they are denied.

27.     RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and, therefore, denies the same.

28.     RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint and, therefore, denies the same.

29.     RPS admits it is organized under the laws of the State of Delaware. The remaining allegations in paragraph 29 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 29 are contrary to law, they are denied.

30.     The allegations in paragraph 30 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 30 are contrary to law, they are denied.

## IV.     FACTS

### A.  Defendant's Tenant Screening Services

31.     RPS admits that it has provided certain reports that can contain information in a person's background, which can include credit information, eviction history, and criminal records.  The remaining allegations in paragraph 31 of the Complaint purport to describe the process of tenant screening and do not require a response.

32.     The allegations contained in paragraph 32 of the Complaint, including footnote 6, reference a document, which speaks for itself.  RPS denies any allegations that are inconsistent with the text of the document. RPS denies the remaining allegations in paragraph 32 of the Complaint.

33.     RPS denies the allegations in paragraph 33 of the Complaint.

34.     RPS denies the allegations in paragraph 34 of the Complaint.

35.     The allegations contained in paragraph 35 of the Complaint, including footnotes 7 through 9, reference documents, which speak for themselves.  RPS denies any allegations that are inconsistent with the text of these documents.

36.     RPS admits that housing providers set the criteria for the categories of criminal offenses for use in connection with customer purchase of the CrimSAFE product.  RPS further admits that an aspect of the CrimSAFE product is that it can inform the housing provider whether or not a record that falls into the categories chosen by the housing provider was found for a particular applicant. RPS denies the remaining allegations in paragraph 36 of the Complaint.

37.     RPS denies the allegations in paragraph 37 of the Complaint.

38.     RPS denies the allegations in paragraph 38 of the Complaint.

39.     The allegations contained in paragraph 39 of the Complaint reference a document, which speaks for itself.  RPS denies any allegations that are inconsistent with the text of the document.

40.     RPS denies the allegations in paragraph 40 of the Complaint.

41.     The allegations in paragraph 41 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 41 are contrary to law, they are denied.

42.     The allegations contained in paragraph 42 of the Complaint, including footnote 10, reference a document, which speaks for itself.  RPS denies any allegations that are inconsistent with the text of the document.  RPS denies the remaining allegations in paragraph 42 of the Complaint.

43.     RPS denies the allegations in paragraph 43 of the Complaint.

B.  Plaintiff Mikhail Arroyo

44.     RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint and, therefore, denies

the same.   RPS further states that footnote 11 of the Complaint contains a description of terms used in the Complaint to which no response is required.

45.   RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint and, therefore, denies the same.

46.   RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint and, therefore, denies the same.

47.   RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint and, therefore, denies the same.

48.   The allegations in paragraph 48 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 48 are contrary to law, they are denied.

49.   The allegations in paragraph 49 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 49 are contrary to law, they are denied.

C. <u>Defendant Disqualified Mr. Arroyo from Tenancy Based on an Undisclosed Criminal Record</u>

50.   RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint and, therefore, denies the same.

51.     RPS admits that WinnResidential has purchased its CrimSAFE product and credit-related products.  RPS denies the remaining allegations in paragraph 51 of the Complaint.

52.     RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint and, therefore, denies the same.

53.     RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint and, therefore, denies the same.

54.     The allegations contained in paragraph 54 of the Complaint reference a document, which speaks for itself.  RPS denies any allegations that are inconsistent with the text of the document.

55.     RPS denies the allegations in paragraph 55 of the Complaint.

56.     The allegations contained in paragraph 56 of the Complaint reference a document, which speaks for itself.  RPS denies any allegations that are inconsistent with the text of the document.

57.     The allegations contained in paragraph 57 of the Complaint reference a document, which speaks for itself.  RPS denies any allegations that are inconsistent with the text of the document.

58.     RPS denies the allegations in paragraph 58 of the Complaint.

59.     RPS denies the allegations in paragraph 59 of the Complaint.

60.     The allegations contained in paragraph 60 of the Complaint reference a document, which speaks for itself.  RPS denies any allegations that are inconsistent with the text of the document.

61.     RPS denies the allegations in paragraph 61 of the Complaint.

62.     RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 62 of the Complaint and, therefore, denies the same. The remaining allegations in paragraph 62 of the Complaint state legal conclusions to which no response is required. To the extent the remaining allegations in paragraph 62 are contrary to law, they are denied.

63.     RPS denies the allegations in paragraph 63 of the Complaint.

64.     The allegations contained in paragraph 64 of the Complaint reference a document, which speaks for itself.  RPS denies any allegations that are inconsistent with the text of the document.

65.     The allegations contained in paragraph 65 of the Complaint reference a document, which speaks for itself.  RPS denies any allegations that are inconsistent with the text of the document.

66.     RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint and, therefore, denies the same.

67.     RPS denies the allegations in paragraph 67 of the Complaint.

68.     RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint and, therefore, denies the same.

69.     RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint and, therefore, denies the same.

70.     RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint and, therefore, denies the same.

D.     <u>Defendant Refused to Provide the Arroyos with Information About the "Disqualifying" Criminal Record</u>

71.     RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint and, therefore, denies the same.

72.     RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint and, therefore, denies the same.

73.     RPS denies the allegations in paragraph 73 of the Complaint.

74.     The allegations contained in paragraph 74 of the Complaint reference a document, which speaks for itself.   RPS denies any allegations that are inconsistent with the text of the document.

75.     RPS denies the allegations in paragraph 75 of the Complaint.

76.     RPS admits that it did not provide Mr. Arroyo's consumer file to Ms. Arroyo in or around May 2016.

77.     RPS denies the allegations in paragraph 77 of the Complaint.

78.     RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Complaint and, therefore, denies the same.

79.     RPS admits that it informed Ms. Arroyo why it could not provide her with Mr. Arroyo's consumer file, despite her request.

80.     RPS admits that it informed Ms. Arroyo why it could not provide her with Mr. Arroyo's consumer file, despite her request.

81.     RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Complaint and, therefore, denies the same.

82.     RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint and, therefore, denies the same.

83.     RPS denies the allegations in paragraph 83 of the Complaint.

84.     RPS denies the allegations in paragraph 84 of the Complaint.

85.     RPS admits that it informed Ms. Arroyo how to make a written request of another consumer's file and that another request should be submitted.

86.     The allegations contained in paragraph 86 of the Complaint reference a document, which speaks for itself.   RPS denies any allegations that are inconsistent with the text of the document.

87.     RPS denies the allegations in paragraph 87 of the Complaint.

88.     The allegations in paragraph 88 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 88 are contrary to law, they are denied.

89.     RPS denies the allegations in paragraph 89 of the Complaint.

90.     RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 of the Complaint and, therefore, denies the same.

91.     RPS denies the allegations in paragraph 91 of the Complaint.

92.     RPS denies the allegations in paragraph 92 of the Complaint.

93.     RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the Complaint and, therefore, denies the same.

94.     RPS denies the allegations in paragraph 94 of the Complaint.

95.     RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 of the Complaint and, therefore, denies the same.

E.  **Defendant's Disqualification of Mr. Arroyo and Its Refusal to Provide Information about Its Reasons Prolonged His Stay in a Nursing Home for an Additional Year**

96.     RPS denies the allegations in paragraph 96 of the Complaint.

97.     RPS denies the allegations in paragraph 97 of the Complaint.

98.     RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the Complaint and, therefore, denies the same.

99.    RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 of the Complaint and, therefore, denies the same.

100.   RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 of the Complaint and, therefore, denies the same.

101.   RPS denies the allegations in paragraph 101 of the Complaint.

102.   RPS denies the allegations in paragraph 102 of the Complaint.

103.   RPS denies the allegations in paragraph 103 of the Complaint.

104.   RPS denies the allegations in paragraph 104 of the Complaint.

F. <u>Defendant's Criminal Records Screening Policy Has an Unlawful Disparate Impact on the Basis of Race and National Origin</u>

105.   The allegations in paragraph 105 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 105 are contrary to law, they are denied.

106.   RPS denies the allegations in paragraph 106 of the Complaint.

107.   RPS denies the allegations in paragraph 107 of the Complaint.

108.   RPS denies the allegations in paragraph 108 of the Complaint.

i. <u>Defendant's Criminal Records Screening Policy has a Clear Discriminatory Effect</u>

109.   The allegations in paragraph 109 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 109 are contrary to law, they are denied.

110.    The allegations in paragraph 110 of the Complaint, including footnote 12, state legal conclusions to which no response is required. To the extent the allegations in paragraph 110 are contrary to law, they are denied.

111.    RPS denies the allegations in paragraph 111 of the Complaint.

112.    RPS admits that it maintains a database of criminal record information.   The precise number of records maintained is proprietary and confidential.

113.    The allegations contained in the first sentence of paragraph 113 of the Complaint, including footnote 13, reference a document, which speaks for itself. RPS denies any allegations that are inconsistent with the text of the document. RPS denies the remaining allegations in paragraph 113 of the Complaint.

114.    The allegations contained in paragraph 114 of the Complaint, including footnotes 14 and 15, reference a document, which speaks for itself.  RPS denies any allegations that are inconsistent with the text of the document.

115.    The allegations contained in paragraph 115 of the Complaint, including footnote 17, reference a document, which speaks for itself.  RPS denies any allegations that are inconsistent with the text of the document. RPS further states that footnote 16 of the Complaint contains a description of terms used in the Complaint to which no response is required.

116.    The allegations contained in paragraph 116 of the Complaint, including footnote 18, reference a document, which speaks for itself.  RPS denies any allegations that are inconsistent with the text of the document.

14

117.    RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 of the Complaint and, therefore, denies the same.

118.    The allegations contained in paragraph 118 of the Complaint, including footnote 19, reference a document, which speaks for itself.  RPS denies any allegations that are inconsistent with the text of the document.

119.    The allegations contained in paragraph 119 of the Complaint, including footnote 20, reference a document, which speaks for itself.  RPS denies any allegations that are inconsistent with the text of the document.

120.    The allegations in paragraph 120 of the Complaint, including footnote 21, reference a document, which speaks for itself.  RPS denies any allegations that are inconsistent with the text of the document.

121.    The allegations contained in paragraph 121 of the Complaint, including footnotes 22 and 23, reference documents, which speak for themselves. RPS denies any allegations that are inconsistent with the text of these documents.

122.    The allegations contained in paragraph 122 of the Complaint, including footnote 24, reference a document, which speaks for itself.  RPS denies any allegations that are inconsistent with the text of these documents.

123.    The allegations contained in paragraph 123 of the Complaint, including footnotes 25 through 28, reference documents, which speak for themselves.  RPS denies any allegations that are inconsistent with the text of these documents.

124. The allegations contained in paragraph 124 of the Complaint, including footnotes 29 and 30, reference documents, which speak for themselves. RPS denies any allegations that are inconsistent with the text of these documents.

125. The allegations contained in paragraph 125 of the Complaint, including footnotes 31 and 32, reference documents, which speak for themselves. RPS denies any allegations that are inconsistent with the text of these documents.

126. The allegations contained in paragraph 126 of the Complaint, including footnotes 33 through 35, reference documents, which speak for themselves. RPS denies any allegations that are inconsistent with the text of these documents.

127. The allegations in the first sentence of paragraph 127 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in the first sentence of paragraph 127 are contrary to law, they are denied. RPS denies the remaining allegations in paragraph 127.

ii. **Defendant's Automated Criminal Records Screening Policy is Not Necessary to Achieve a Substantial and Legitimate Business Purpose**

128. RPS denies the allegations in paragraph 128 of the Complaint.

129. The allegations contained in the first and third sentences of paragraph 129 of the Complaint, including footnotes 36 and 37, reference documents, which speak for themselves. RPS denies any allegations that are inconsistent with the text of these documents. The allegations in the second sentence of paragraph 129 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in the second sentence of paragraph 129 are contrary to law,

they are denied. RPS denies the remaining allegations in paragraph 129 of the Complaint.

130.   RPS denies the allegations in paragraph 130 of the Complaint.

131.   The allegations contained in paragraph 131 of the Complaint, including footnotes 37 and 38, reference a document, which speaks for itself.  RPS denies any allegations that are inconsistent with the text of the document.

132.   The allegations in paragraph 132 of the Complaint, including footnote 39, state legal conclusions to which no response is required. To the extent the allegations in paragraph 132 are contrary to law, they are denied.

133.   RPS denies the allegations in the first sentence of paragraph 133. The remaining allegations in paragraph 133 of the Complaint, including footnote 133, state legal conclusions to which no response is required. To the extent the remaining allegations in paragraph 133 are contrary to law, they are denied.

134.   RPS denies the allegations in paragraph 134 of the Complaint.

135.   RPS denies the allegations in paragraph 135 of the Complaint.

iii.   <u>Defendant Has Available At Least Two Obvious Less Discriminatory Alternatives to its Automated Criminal Records Screening Policy</u>

136.   The allegations in paragraph 136 of the Complaint, including footnote 41, state legal conclusions to which no response is required. To the extent the allegations in paragraph 136 are contrary to law, they are denied.

137.   RPS denies the allegations in paragraph 137 of the Complaint.

138.   RPS denies the allegations in paragraph 138 of the Complaint.

139.   RPS denies the allegations in paragraph 139 of the Complaint.

140.    RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 140 of the Complaint and, therefore, denies the same. The allegations in the second and third sentences of paragraph 140 of the Complaint, including footnotes 42 and 43, state legal conclusions to which no response is required. To the extent the allegations in the second and third sentences of paragraph 140 are contrary to law, they are denied. The allegations in the fourth sentence of paragraph 140 of the Complaint, up to and including footnote 44, reference a document, which speaks for itself.  RPS denies any allegations that are inconsistent with the text of the document. RPS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 140 of the Complaint and, therefore, denies the same.

141.    RPS denies the allegations in paragraph 141 of the Complaint.

142.    RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142 of the Complaint and, therefore, denies the same.

143.    The allegations in paragraph 143 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 143 are contrary to law, they are denied.

### iv.    Defendant's Criminal Records Screening Policy Constitutes Intentional Discrimination in Violation of the Fair Housing Act

144.    RPS admits that it is aware of guidance issued by the United States Department of Housing and Urban Development ("HUD"), including a memorandum published in April 2016.  RPS denies the remaining allegations in paragraph 144 of the Complaint.

145.      RPS denies the allegations in paragraph 145 of the Complaint.

     v.    **Defendant's Automated Criminal Records Screening Policy Has Caused, and Continues to Cause, Significant Harm**

146.    RPS denies the allegations in paragraph 146 of the Complaint.

147.    The allegations in paragraph 147 of the Complaint, including footnotes 45 and 46, reference documents, which speak for themselves.  RPS denies any allegations that are inconsistent with the text of these documents.

148.    RPS admits that it provides tenant screening services to its housing provider customer for compensation.  The remaining allegations contained in paragraph 148 of the Complaint, including footnotes 47 and 48, reference documents, which speak for themselves.  RPS denies any allegations that are inconsistent with the text of these documents.

149.    RPS denies the allegations in paragraph 149 of the Complaint.

150.    RPS denies the allegations in the first sentence of paragraph 150 of the Complaint. The remaining allegations in paragraph 150 of the Complaint, including footnote 49, reference a document, which speaks for itself. RPS denies any allegations that are inconsistent with the text of the document.

151.    The allegations contained in paragraph 151 of the Complaint, including footnotes 50 and 51, reference documents, which speak for themselves. RPS denies any allegations that are inconsistent with the text of these documents.

G. **Defendant Discriminated Against Mr. Arroyo on the Basis of Disability**

152.    The allegations in paragraph 152 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 152 are contrary to law, they are denied.

153.    RPS denies the allegations in paragraph 153 of the Complaint.

154.    RPS denies the allegations in paragraph 154 of the Complaint.

155.    RPS denies the allegations in paragraph 155 of the Complaint

**H. Defendant's Policy Regarding Requests by Conservators for Information about Tenant Screening Reports Has an Unlawful Disparate Impact on the Basis of Disability**

156.    RPS denies the allegations in paragraph 156 of the Complaint.

157.    RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157 of the Complaint and, therefore, denies the same.

158.    RPS denies the allegations in paragraph 158 of the Complaint.

159.    The allegations in paragraph 159 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 159 are contrary to law, they are denied.

**i.    Defendant's Policies or Practices Prevent Conservators from Obtaining Information about Wards' Tenant Screening Reports**

160.    RPS denies the allegations in paragraph 160 of the Complaint.

161.    RPS denies the allegations in paragraph 161 of the Complaint.

162.    RPS denies the allegations in paragraph 162 of the Complaint.

163.    RPS denies the allegations in paragraph 163 of the Complaint.

164.    RPS denies the allegations in paragraph 164 of the Complaint.

165.    RPS denies the allegations in paragraph 165 of the Complaint.

**ii.    Defendant's Policies Have a Clear Discriminatory Effect**

166.    RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 166 of the

20

Complaint and, therefore, denies the same. The remaining allegations in paragraph 166 of the Complaint, including footnote 52, reference a document, which speaks for itself. RPS denies any allegations that are inconsistent with the text of the document.

167.    The allegations contained in paragraph 167 of the Complaint, including footnotes 53 and 55, reference documents, which speak for themselves. RPS denies any allegations that are inconsistent with the text of these documents.

168.    The allegations in the first sentence of paragraph 168 of the Complaint, including footnote 56, state legal conclusions to which no response is required. To the extent the allegations in the first sentence of paragraph 168 are contrary to law, they are denied. The remaining allegations in paragraph 168 of the Complaint, including footnote 168, reference a document, which speaks for itself. RPS denies any allegations that are inconsistent with the text of the document.

169.    The allegations in paragraph 169 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 169 are contrary to law, they are denied.

170.    The allegations in paragraph 170 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 170 are contrary to law, they are denied.

171.    The allegations in paragraph 171 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 171 are contrary to law, they are denied.

172.    The allegations in paragraph 172 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 172 are contrary to law, they are denied.

173.    The allegations in paragraph 173 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 173 are contrary to law, they are denied.

174.    The allegations in paragraph 174 of the Complaint, including footnote 58, state legal conclusions to which no response is required. To the extent the allegations in paragraph 174 are contrary to law, they are denied.

175.    The allegations in paragraph 175 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 175 are contrary to law, they are denied.

176.    RPS denies the allegations in paragraph 176 of the Complaint.

177.    RPS denies the allegations in paragraph 177 of the Complaint.

178.    RPS denies the allegations in paragraph 178 of the Complaint.

   iii.    **Defendant Intentionally Discriminated against Mr. Arroyo**

179.    The allegations in paragraph 179 of the Complaint, including footnote 59, reference a document, which speaks for itself. RPS denies any allegations that are inconsistent with the text of the document.

180.    RPS denies the allegations in paragraph 180 of the Complaint.

181.    RPS denies the allegations in paragraph 181 of the Complaint.

182.    RPS denies the allegations in paragraph 182 of the Complaint.

183.    RPS denies the allegations in paragraph 183 of the Complaint.

184.   RPS denies the allegations in paragraph 184 of the Complaint.

I.   **Defendant's Actions Have Frustrated CFHC Mission and Diverted Its Scarce Resources**

185.   RPS denies the allegations in paragraph 185 of the Complaint.

186.   RPS denies the allegations in paragraph 186 of the Complaint.

187.   RPS denies the allegations in paragraph 187 of the Complaint.

188.   RPS denies the allegations in paragraph 188 of the Complaint.

189.   RPS denies the allegations in paragraph 189 of the Complaint.

190.   RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 190 of the Complaint and, therefore, denies the same.

191.   RPS denies the allegations in paragraph 191 of the Complaint.

192.   RPS denies the allegations in paragraph 192 of the Complaint, including the allegations in subparagraphs (a) through (c).

**V.CAUSES OF ACTION**

**COUNT I: National Origin and Race Discrimination in Violation of the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.***
**(on behalf of all Plaintiffs)**

193.   RPS repeats its answers to the allegations in the foregoing paragraphs as though fully set forth herein.

194.   RPS denies the allegations in paragraph 194 of the Complaint.

195.   RPS denies the allegations in paragraph 195 of the Complaint.

196.   RPS denies the allegations in paragraph 196 of the Complaint.

197.   RPS denies the allegations in paragraph 197 of the Complaint, including the allegations in subparagraphs (a) and (b).

198.    RPS denies the allegations in paragraph 198 of the Complaint.

199.    RPS denies the allegations in paragraph 199 of the Complaint.

**COUNT II: Disability Discrimination in Violation of the
Fair Housing Act, 42 U.S.C. §§3601 et seq.
(on behalf of all Plaintiffs)**

200.    RPS repeats its answers to the allegations in the foregoing paragraphs as though fully set forth herein.

201.    RPS denies the allegations in paragraph 201 of the Complaint.

202.    RPS denies the allegations in paragraph 202 of the Complaint.

203.    RPS denies the allegations in paragraph 203 of the Complaint.

204.    RPS denies the allegations in paragraph 204 of the Complaint.

205.    RPS denies the allegations in paragraph 205 of the Complaint.

**COUNT III: Disability Discrimination in Violation of the
Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*
(on behalf of Arroyo Plaintiffs)**

206.    RPS repeats its answers to the allegations in the foregoing paragraphs as though fully set forth herein.

207.    RPS denies the allegations in paragraph 207 of the Complaint.

208.    RPS denies the allegations in paragraph 208 of the Complaint.

209.    RPS denies the allegations in paragraph 209 of the Complaint.

**COUNT IV: Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681g
(on behalf of Plaintiff Mikhail Arroyo only)**

210.    RPS repeats its answers to the allegations in the foregoing paragraphs as though fully set forth herein.

211.   The allegations in paragraph 211 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 211 are contrary to law, they are denied.

212.   RPS denies the allegations in paragraph 212 of the Complaint.

213.   RPS denies the allegations in paragraph 213 of the Complaint.

214.   RPS denies the allegations in paragraph 214 of the Complaint.

215.   RPS denies the allegations in paragraph 215 of the Complaint.

216.   RPS denies the allegations in paragraph 216 of the Complaint.

217.   RPS denies the allegations in paragraph 217 of the Complaint.

**COUNT V: Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681h**
**(on behalf of Plaintiff Mikhail Arroyo only)**

218.   RPS repeats its answers to the allegations in the foregoing paragraphs as though fully set forth herein.

219.   RPS denies the allegations in paragraph 219 of the Complaint.

220.   RPS denies the allegations in paragraph 220 of the Complaint.

221.   RPS denies the allegations in paragraph 221 of the Complaint.

222.   RPS denies the allegations in paragraph 222 of the Complaint.

223.   RPS denies the allegations in paragraph 223 of the Complaint.

**COUNT VI: Violation of the Connecticut Unfair Trade Practices Act**
**(on behalf of Arroyo Plaintiffs)**

224.   The allegations in paragraph 224 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 224 are contrary to law, they are denied.

25

225.    The allegations in paragraph 225 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 225 are contrary to law, they are denied.

226.    RPS denies the allegations in paragraph 226 of the Complaint, including the allegations in subparagraphs (a) through (i).

227.    RPS denies the allegations in paragraph 227 of the Complaint.

228.    RPS denies the allegations in paragraph 228 of the Complaint.

229.    RPS denies the allegations in paragraph 229 of the Complaint.

230.    RPS denies the allegations in paragraph 230 of the Complaint.

231.    RPS denies the allegations in paragraph 231 of the Complaint.

232.    RPS denies the allegations in paragraph 232 of the Complaint.

233.    RPS denies the allegations in paragraph 233 of the Complaint.

234.    RPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 234 of the Complaint and, therefore, denies the same.

## PRAYER FOR RELIEF

235.    RPS denies Plaintiff may recover any of the requested relief and/or judgments in the WHEREFORE clause, including the requests for relief in subparagraphs (a) through (h), under the heading "Prayer for Relief" and immediately following paragraph 234 of the Complaint.

236.    RPS denies any allegations not expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

**Without admitting any of the allegations in the Complaint, and without admitting or acknowledging that RPS bears the burden of proof as to any of them, RPS asserts the following defenses.  RPS intends to rely on any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves to the right to amend this Answer to assert all such defenses.**

### FIRST ADDITIONAL DEFENSE
**(Failure to State a Claim)**

**Plaintiffs' claims fail to the extent that the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against RPS and fails to state facts sufficient to entitle Plaintiffs to the relief sought.**

### SECOND ADDITIONAL DEFENSE
**(Truth/Accuracy Of Information)**

**Plaintiffs' claims fail to the extent that all information that RPS communicated to any third person regarding Mikhail Arroyo was true.**

### THIRD ADDITIONAL DEFENSE
**(Compliance/Good Faith)**

**Plaintiffs' claims fail to the extent that, at all relevant times, RPS acted in good faith and complied fully with the FHA, the FCRA and the CUTPA.**

### FOURTH ADDITIONAL DEFENSE
**(Intervening Superseding Cause)**

**Plaintiffs' claims fail to the extent that Plaintiffs' purported damages, which RPS continues to deny, were the result of acts or omissions of third persons over whom RPS had neither control nor responsibility.**

## FIFTH ADDITIONAL DEFENSE
### (Proximate Cause)

Plaintiffs' claims fail to the extent that Plaintiffs' purported damages were the direct and proximate result of the conduct of Plaintiffs or others.

## SIXTH ADDITIONAL DEFENSE
### (Punitive Damages)

Plaintiffs' claims for punitive damages fail to the extent that the Complaint fails to state a claim for relief for punitive damages.

## SEVENTH ADDITIONAL DEFENSE
### (Failure to Mitigate Damages)

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs failed to mitigate their alleged damages.

## EIGHTH ADDITIONAL DEFENSE
### (Conduct Not Regulated by Statute)

Plaintiffs' claims under the FHA and CUTPA are barred, in whole or in part, to the extent that RPS' conduct at issue is not subject to regulation by the FHA or CUTPA, including because it does not constitute commerce or trade.

## NINTH ADDITIONAL DEFENSE
### (Legitimate and Valid Business Interests)

Plaintiffs' claims under the FHA fail on the basis that RPS's products and policies further legitimate and valid business interests and are necessary to achieve those interests.

## TENTH ADDITIONAL DEFENSE
### (Standing)

The Complaint is barred, in whole or in part, to the extent that Plaintiffs lack standing.

## ELEVENTH ADDITIONAL DEFENSE
### (Right to Assert Additional Defenses)

RPS reserves the right to assert additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant, CoreLogic Rental Property Solutions LLC, requests that the Court enter an order: (1) dismissing with prejudice the Complaint; (2) awarding Defendant its costs and expenses incurred herein; and (3) awarding Defendant such other and further relief as the Court may deem just and proper.

April 9, 2019                    Respectfully submitted,

                                 By:  /s/ Daniel Cohen_____
                                      Daniel W. Cohen (Bar No. ct 30467)
                                      TROUTMAN SANDERS LLP
                                      875 Third Avenue
                                      New York, NY  10022
                                      Telephone: (212) 704-6000
                                      Facsimile:  (212) 704-5901
                                      Email:  dan.cohen@troutman.com

                                      *Counsel for Defendant CoreLogic Rental Property Solutions, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

By:  /s/ Daniel W. Cohen

Daniel W. Cohen (Bar No. ct 30467)
TROUTMAN SANDERS LLP
875 Third Avenue
New York, NY  10022
Telephone: (212) 704-6000
Facsimile:   (212) 704-5901
Email:  dan.cohen@troutman.com

38539904