UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **CONNECTICUT FAIR HOUSING CENTER** *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>**CORELOGIC RENTAL PROPERTY SOLUTIONS, LLC,**<br><br>*Defendant.* | No. 3:18-CV-705 (VLB) |

### PLAINTIFFS' RENEWED MOTION TO EXTEND THE DISCOVERY DEADLINE

Plaintiffs respectfully request a 60-day extension of time to complete discovery, moving the deadline from July 24, 2019 to September 24, 2019. Plaintiffs further request to move the deadline for filing dispositive motions from September 11, 2019 to November 11, 2019.  This renewed motion follows the Court's denial of Plaintiffs' July 3, 2019 motion (Dkt. 52, 67), and complies with the direction the Court provided at the July 25, 2019 hearing.  The parties have conferred about this motion, and Defendant does not oppose.  This is Plaintiffs' second motion concerning this requested extension of discovery, but covers the same time period as the first motion.

Plaintiffs have been diligent and sought to work cooperatively with Defendant to minimize discovery disputes.  Despite serving discovery October 26, 2018, many responsive documents were not received until February or April 2019. Defendant's Answer to the complaint – identifying its defenses – was not

served until April 9, 2019. (Dtk. 44), and its expert report expounding on its business justification was disclosed April 14, 2019.  Thus, Plaintiffs' second RFPs were served on April 19, 2019 — just 10 days after Defendant's Answer and more than three months before the close of discovery.  Defendant did not respond until June 6, 2019.  The parties then met and conferred to try to resolve the disputed issues, but that was unsuccessful and Plaintiffs filed their motion to compel on July 19, 2019 (Dkt. 65).  Numerous documents have been promised by CoreLogic, but not yet produced, and numerous other documents CoreLogic has refused to produce, but are the subject of the pending motion to compel.

Because of the delay in obtaining documents, the parties sought to schedule depositions for June and July, 2019, and found numerous conflicts between schedules of counsel, as well as difficulty locating some witnesses who were former employees of CoreLogic.  Nonetheless, the parties completed five depositions.  Plaintiffs produced for deposition Erin Kemple, the Rule 30(b)(6) designee for the Connecticut Fair Housing Center, on July 23.  Plaintiff Carmen Arroyo was deposed on July 24, as was one of Plaintiffs' experts, Nancy Alisberg.  Plaintiffs took the deposition of Robert Lindenfelzer, a former CoreLogic employee, on June 24, 2019, and the parties are scheduled to complete the deposition of Lynn Bora in Boston on July 31, 2019, while this motion is being filed.

Plaintiffs request this extension of time in order to complete the following additional depositions.  Defendant has agreed to produce one of its Rule 30(b)(6) designees on August 20, 2019 in Dallas, TX.  Counsel has indicated that its

second Rule 30(b)(6) designee has been out of work and not able to provide specific dates, but will be made available for deposition no later than September 24, 2019.  Plaintiffs have requested that the deposition be scheduled for August 19 or 21 if possible, to be in connection with the confirmed Rule 30(b)(6) designee.  Defendant has agreed to produce Stacie Dachtler on September 5, 2019 in Cleveland, OH and its expert, Jay Kaycirk, in San Francisco, CA on September 20, 2019.

      Plaintiffs have confirmed their experts will be available for deposition as requested on September 3, 2019 (Christopher Wildeman in Ithaca, NY) and September 23, 2019 (Lila Kazemian in New York City).

      The remaining three witnesses who Plaintiffs wish to depose are former employees of CoreLogic, two of whom Plaintiffs did not know existed until after Defendant's June 2019 document production.  Plaintiffs worked diligently to locate the former CoreLogic employees, and located and deposed one of them (Mr. Lindenfelzer on June 24).  They were unable to locate the others until Defendant provided the last known contact information on July 30, 2019, and thus have not been able to confirm agreeable dates with those three witnesses as of the date of this filing.  Plaintiffs will promptly subpoena these three individuals, serving Yolanda Rosario for August 19 in Austin, TX; Robert Thomas for August 29 in Washington, DC and Bagrat Bayburtian for August 30, also in Washington, DC.  To the extent the dates noticed are not convenient for these non-party witnesses, the parties will reschedule these depositions for no later than September 24, 2019.

**In sum, the planned deposition schedule is:**

| August 19 | Yolanda Rosario | Austin, TX |
|---|---|---|
| August 20 | Naeem Kayani, 30b6 | Dallas, TX |
| August 21 | Angela Barnard, 30b6 | Dallas, TX (tentative) |
| August 29 | Robert Thomas | Washington, DC |
| August 30 | Bagrat Bayburtian | Washington, DC |
| Sept 3 | Christopher Wildman | Ithaca, NY |
| Sept 5 | Stacie Dachtler | Cleveland, OH |
| Sept 20 | Jay Kaycirk | San Francisco, CA |
| Sept 23 | Lila Kazemian | New York City |

During the parties' conference following the July 25, 2019 hearing, counsel for Defendant requested for the first time to depose individuals identified by Plaintiffs as persons with knowledge related to Plaintiff Arroyo's damages. Plaintiffs do not object to Defendant completing depositions by the same September 24, 2019 deadline, but have not been able to offer specific dates because defendant has not identified which witnesses it wishes to depose.

In addition to completing these depositions, Plaintiffs are concerned, based upon the depositions completed to date,[1] and the outstanding document requests, that Plaintiffs may learn through deposition testimony, or through receipt of the promised further production of documents from CoreLogic, that additional responsive documents have been withheld by CoreLogic. Thus, Plaintiffs also request that if such issues arise they be permitted to use the Court's joint discovery letter and telephone conference, or, if appropriate, file a motion to compel, so long as any motion is filed no later than September 24,

---

[1] For example, a deposition of a former employee that was recently completed provided testimony about reports that could readily be run from CrimSAFE, despite Defendant's prior response to RFP 32 claiming that there were no documents responsive to a request about reporting capability.

4

2019. Finally, Plaintiffs seek leave, if necessary, to serve any narrow follow up requests arising from newly disclosed information.[2]

For the foregoing reasons, Plaintiffs respectfully request that their renewed motion to extend the discovery deadline to September 24, 2019 be granted to complete discovery consistent with this motion; and that the deadline for filing dispositive motions be moved to November 11, 2019.

Dated: July 31, 2019

Respectfully submitted,

/s/ Christine E. Webber

Greg Kirschner
Salmun Kazerounian
Sarah White
CONNECTICUT FAIR HOUSING CENTER
60 Popieluszko Ct.
Hartford, CT 06106
Tel.: (860) 247-4400
greg@ctfairhousing.org

Eric Dunn
NATIONAL HOUSING LAW PROJECT
1663 Mission St., Suite 460
San Francisco, CA 94103
Tel.: (415) 546-7000
edunn@nhlp.org

Joseph M. Sellers (*PHV*)
Christine E. Webber (*PHV*)
Brian C. Corman (*PHV*)

---

[2] See Dkt. 66, citing *Solman v. Corl*, No. 3:15cv01610(JCH), 2016 WL 6433829, at *2-3 (D. Conn. Oct. 31, 2016) (requests propounded only in response to information learned from opposing party's production could not have been propounded earlier, and should be permitted). While Defendant previously opposed a broad period for further written discovery, Defendant had represented it does not object to narrow requests arising from newly disclosed information, subject to normal discovery objections.

                                                     **COHEN MILSTEIN SELLERS & TOLL PLLC**
                                                     **1100 New York Ave., N.W.**
                                                     **Suite 500**
                                                     **Washington, D.C.  20005**
                                                     **Tel.:  (202) 408-4600**
                                                     **jsellers@cohenmilstein.com**
                                                     **cwebber@cohenmilstein.com**
                                                     **bcorman@cohenmilstein.com**

## CERTIFICATE OF SERVICE

      I hereby certify that on July 31, 2019, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Christine E. Webber*
**Christine E. Webber**
**COHEN MILSTEIN SELLERS & TOLL PLLC**
**1100 New York Ave., N.W.**
**Suite 500**
**Washington, D.C. 20005**
**Tel.: (202) 408-4600**
jsellers@cohenmilstein.com
cwebber@cohenmilstein.com