**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **CARMEN ARROYO, individually and as next friend for Mikhail Arroyo, *et al.*,** | |
| **Plaintiffs,** | **Case No. 3:18-cv-00705-VLB** |
| **-v-** | |
| **CORELOGIC RENTAL PROPERTY SOLUTIONS, LLC,** | |
| **Defendant.** | |

**DEFENDANT CORELOGIC RENTAL PROPERTY SOLUTIONS, LLC'S MOTION TO SEAL DOCUMENTS FILED IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

Pursuant to the Protective Order in this case, (Dkt. No. 4), the Court's Order to Show Cause (Dkt. No. 94), and D. Conn. L. Civ. R. 5(e), Defendant, CoreLogic Rental Property Solutions, LLC ("RPS"), by counsel, files this Motion to Seal seeking permission from the Court to maintain under seal the confidential information filed in connection with Plaintiffs' Motion for Partial Summary Judgment. (Dkt. No. 87).

I.  **INTRODUCTION**

After reviewing Plaintiffs' filing, RPS asks the Court to maintain under seal only highly-limited parts of the two exhibits to Plaintiffs' Memorandum in Support of Their Motion for Partial Summary Judgment ("Motion"). The exhibits attached to the Motion either contain sensitive consumer information on Mikhail Arroyo or identify and discuss RPS's proprietary business information, including RPS's business strategies and training materials related to its CrimSAFE software and other screening products. Specifically, RPS asks the Court to maintain under seal:

1

(1) the consumer background screening report attached as Exhibit 24 to the deposition of Naeem Kayani, which is attached as Exhibit B to Plaintiffs' Motion; and (2) certain excerpts from the deposition of one of Robert Lindenfelzer, attached as Exhibit H to Plaintiffs' Motion.

Specifically, RPS requests the Court maintain under seal and/or redact the following portions of the identified exhibits:

- **Exhibit H to Plaintiffs' Motion: 18:19-19:4 and 107:8-108:22;**

- **Exhibit 6 to Exhibit H to Plaintiffs' Motion; and**

- **Exhibit 24 to Exhibit B to Plaintiffs' Motion.**

For the reasons set forth below, the Motion to Seal should be granted.

## II.    LEGAL STANDARD

Pursuant to D. Conn. L. Civ. R. 5(e), a party seeking to seal a document must provide "compelling reasons" to seal the document and demonstrate that sealing is narrowly tailored to serve those reasons. *See* D. Conn. L. Civ. R. 5(e)(3). "Documents falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like." *Mazzanti v. GE*, No. 3:13-cv-1799, 2017 U.S. Dist. LEXIS 32897, at *3 (D. Conn. Mar. 7, 2017) (quoting *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999)).

Documents that contain consumer personal identifying information or financial information, such as a background screening report, are also appropriate for sealing. *See id.* at *7 (granting motion to seal documents containing "consumer personal identifying information); *see also United States SEC v. Ahmed*, No.

3:15cv675 (JBA), 2018 U.S. Dist. LEXIS 152504, at *4-5 (D. Conn. Sept. 6, 2018) (granting motion to seal documents containing "personal financial information . . . [and] personal contact information").

It is also established that the competitive "interests of those resisting disclosure may establish countervailing interests against the presumption of disclosure."  *Cohen v. Gerson Lehrman Group, Inc.*, No. 09 Civ. 4352, 2011 U.S. Dist. LEXIS 104510, at *3 (S.D.N.Y. Sept. 15, 2011).  That type of information is at issue here.

III.    **LEGAL ARGUMENT**

As explained below, compelling reasons exist to seal the information identified herein, and those interests outweigh the public interest in having such information made public.

A.      **RPS Has A Compelling Interest In Maintaining The Confidentiality Of Its Business Strategies and Training Materials**

The identified excerpts of Exhibit H and attached Exhibit 6 to Plaintiffs' Motion (which is an internal training document) discuss RPS's business and training strategies with respect to its CrimSAFE product and other screening products. These exhibits also contain confidential information about the business relationship between RPS and its non-party customer, WinnResidential.

Courts in the Second Circuit regularly seal confidential business strategies because the public disclosure of said strategies has the potential to cause competitive injury if a competitor gains access to the strategies or materials. *See Refco Grp. Ltd., LLC v. Cantor Fitzgerald*, L.P., No. 13 Civ. 1654, 2015 U.S. Dist. LEXIS 92301, at *15 (S.D.N.Y. July 15, 2015) (collecting cases); *see also Travelers*

*Indem. Co. v. Excalibur Reins. Corp.*, No. 11-cv-1209, 2013 U.S. Dist. LEXIS 110400, at \*22 (D. Conn. Aug. 5, 2013) (allowing redaction of "portions of documents revealing sensitive business information"). It is also appropriate to business-related materials when the documents contain confidential information regarding the business relationship between the movant and a non-party entity. *See Refco Grp. Ltd., LLC*, 2015 U.S. Dist. LEXIS 92301, at \*14-15 (citation omitted); *see also Rnsseaer Polytechnic Inst. & Cf Dynamic Advances L v. Amazon.com, Inc.*, No. 1:18-cv-00549, 2019 U.S. Dist. LEXIS 116674, at \*13-14 (N.D.N.Y. June 18, 2019) (sealing "a presentation . . . that sheds light on the relationship between Defendant and its contractor . . . .").

The Court should maintain the identified portions of Exhibit H, including the appended Exhibit 6, to Plaintiffs' Motion under seal because disclosure of these materials would give competitors an unfair advantage by allowing them to copy RPS's customer training strategies or certain aspects of its screening products. *See* Kayani Decl. at ¶¶ 4-5. Specifically, those non-public materials detail how RPS incorporates certain client-specific and RPS-specific information into its customer training programs and the structure or functionality of its various departments. Screenshots of RPS's internal systems are also included. *Id.* at ¶ 4. The document also reveals non-public details regarding the specific business relationship between RPS and non-party, WinnResidential. If this information was to be made public, it could harm RPS's competitive standing in the highly competitive background screening market by providing competitors with valuable insight into its screening products, customer base, and business strategies as it relates to

customer contact. *Id.* And, due to the potential for competitive harm, RPS maintains documents of the type reflected as Exhibit 2 as confidential. *Id.* at ¶ 5.

Based on these facts, a compelling reason exists to maintain under seal or redact RPS's business strategies and training materials included in Exhibit 6 to Exhibit H and the identified excerpts to Exhibit H to Plaintiffs' Motion. *See, e.g.*, *Tropical Sales Corp. v. Yext, Inc.*, No. 14 Civ. 7582, 2016 U.S. Dist. LEXIS 49029, at *10-11 (S.D.N.Y. Apr. 12, 2016) (sealing "training materials, internal marketing strategies, [and] company marketing plans" because of the possibility for competitive injury to the movant if the material were disclosed to competitors).

B. **Compelling Reasons Exist to Maintain Plaintiff's Background Screening Report Under Seal**

Exhibit 24 to Exhibit B to Plaintiffs' Motion, the background screening report for Mikhail Arroyo, contain sensitive personal identifying and financial information about Plaintiff.

The Second Circuit has long recognized the inherent privacy interest in an individual's personal identifying or financial information, which makes documents containing this type of information appropriate for sealing. *See United States SEC v. Ahmed*, No. 3:15cv675, 2018 U.S. Dist. LEXIS 152504, at *4-5 (D. Conn. Sept. 6, 2018) (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). A background screening report, such as the report produced in this case, is rife with this type of sensitive information. *See Esomonu v. Omnicare*, No. 15-cv-02003-HSG, 2018 U.S. Dist. LEXIS 154121, at *4 (N.D. Cal. Sept. 10, 2018) (finding compelling reasons to seal a background screening report); *Stone v. U.S. Sec. Assocs.*, No. 1:16-CV-0371-MLB-JSA, 2018 U.S. Dist. LEXIS 134779, at *4 (N.D. Ga.

May 31, 2018) ("Plaintiff['s] . . . background report inherently carries the potential for unnecessary disclosure of private personal information."). These concerns are particularly relevant in this action where a portion of the claims are based on alleged violations of the Fair Credit Reporting Act, which was enacted for the precise purpose of protecting consumer information from misuse or improper disclosure. *See* 15 U.S.C. § 1681(b).

The sensitive nature of the information contained in Exhibit 24 to Exhibit B to Plaintiffs' Motion outweighs the public's right to access this information and the Court should maintain this document under seal. See Ahmed, 2018 U.S. Dist. LEXIS 152504, at *5 (finding the "privacy and confidentiality of [defendant's personal information] . . . outweigh the public's interest in access to that information . . . .").

C.   RPS's Interest in Maintaining the Confidentiality of Its Business Information Outweighs the Limited Public Interest in these specific materials

In evaluating whether to seal certain documents, the Court should take into consideration the public interest in the documents or information. *See Travelers Indem. Co. v. Excalibur Reins. Corp.*, 2013 U.S. Dist. LEXIS 110400, at *26 (citing *Citytrust v. Joy*, 460 U.S. 1051 (1983)). The general public here would have modest interest in the information at issue because it was generated by, and relates to, the internal activities of private entities and individuals.  *See, e.g.*, *Crum & Crum Enters. v. NDC of Cal.*, No. 09-145, 2011 U.S. Dist. LEXIS 24690, at *12 (D. Del. Mar. 11, 2011) (finding no persuasive public interest in the information, as "the case involves litigation between a private company and a private citizen").

> **D.     RPS's Sealing Request is Narrowly Tailored, And Thus, No Broader Than Necessary**

An order sealing information must be "no broader than necessary."  *See Travelers Indem. Co. v. Excalibur Reins. Corp.*, 2013 U.S. Dist. LEXIS 110400, at *13 (citing *Jadwalean Int'l Co. For Operations & Mgmt v. United Tech Corp.*, 3:09-CV-00018(JCH), 2009 U.S. Dist. LEXIS 33520, at *2 (D. Conn. April 17, 2009)). RPS's request to maintain certain information under seal is limited to discrete portions of the Exhibits to Plaintiffs' Motion.

However, given that these documents were attached by Plaintiffs to their Motion, no alternative to sealing is possible.

## IV.     CONCLUSION

For these reasons set forth above, RPS, respectfully requests that the Court grant its Motion to Seal.

Respectfully submitted,

/s/ Daniel W. Cohen
**Daniel W. Cohen (Bar No. CT 30467)**
**TROUTMAN SANDERS LLP**
**875 Third Avenue**
**New York, NY 10022**
**Telephone:  (212) 704-6000**
**Facsimile:  (202) 704-6288**
**Email:  dan.cohen@troutman.com**

**Timothy J. St. George**, *Pro Hac Vice*
**TROUTMAN SANDERS LLP**
**1001 Haxall Point**
**Richmond, VA 23219**
**Telephone:  (804) 697-1254**
**Facsimile:  (804) 698-6013**
**Email:  timothy.st.george@troutman.com**

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

By:  /s/ Daniel W. Cohen
Daniel W. Cohen (Bar No. ct 30467)
TROUTMAN SANDERS LLP
875 Third Avenue
New York, NY  10022
Telephone: (212) 704-6000
Facsimile:   (212) 704-5901
Email:  dan.cohen@troutman.com

40235018