UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **CONNECTICUT FAIR HOUSING CENTER**<br><br>and<br><br>**CARMEN ARROYO, individually and as next friend for Mikhail Arroyo,**<br><br>*Plaintiffs,*<br><br>-v-<br><br>**CORELOGIC RENTAL PROPERTY SOLUTIONS, LLC,**<br><br>*Defendant.* | Case No. 3:18-cv-00705-VLB |

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW
IN SUPPORT OF DEFENDANT CORELOGIC RENTAL PROPERTY
SOLUTIONS, LLC'S MOTION TO SEAL DOCUMENTS FILED IN
SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Your Honor's Pretrial Preferences, Defendant, CoreLogic Rental Property Solutions, LLC ("RPS"), by counsel, files this Proposed Findings of Fact and Conclusions of Law in Support of Its Motion to Seal.

I.   **Proposed Findings of Fact**

1.   In its Order to Show Cause, (Dkt. No. 94), the Court identified the following two exhibits attached to Plaintiffs' Memorandum in Support of Their Motion for Partial Summary Judgment (the "Motion") and requested RPS show cause as to why these exhibits should be maintained under seal:

a.   Exhibit H: Excerpts of the deposition of Robert Lindenfelzer, dated June 25, 2019.

1

  b. Exhibit 6 to Exhibit H: A training presentation RPS developed for WinnResidential;

  c. Exhibit B: Excerpts of the deposition of Naeem Kayani, dated August 20, 2019; and

  d. Exhibit 24 to Exhibit B: The background screening report for Mikhail Arroyo.

2. RPS seeks to maintain under seal Exhibit H to Plaintiffs' Motion: 18:19-19:4 and 107:8-108:22; Exhibit 6 to Exhibit H; and Exhibit 24 to Exhibit B.

3. The identified portions of Exhibit H, including the appended Exhibit 6, discuss RPS's customer training strategies and certain aspects of its screening products. These documents also reveal non-public details regarding the specific business relationship between RPS and non-party, WinnResidential.

4. RPS has invested many years developing and refining its business strategies and client training programs with respect to its CrimSAFE software and other screening products, including as reflected in the identified passages in Exhibit H and the appended Exhibit 6. *See* Declaration of Naeem Kayani, dated September 24, 2019, at ¶ 4 ("Kayani Decl.").

5. These non-public materials regarding RPS's business are confidential, and its public disclosure could provide competitors with insight into RPS's proprietary practices that competitors could then use to compete with RPS. *Id.*

6. RPS maintains its business strategies and training program materials regarding its screening products, including the CrimSAFE software, strictly

confidential, to ensure that such information is not disclosed to third parties, including its competitors. *Id.* at ¶ 5.

7. Exhibit 24 to Exhibit B to Plaintiffs' Motion is the background screening report RPS produced for Plaintiff Mikhail Arroyo ("Plaintiff").

8. This document contains sensitive personal identifying and financial information about Plaintiff.

9. Public disclosure of this information could cause harm to Plaintiff.

II. <u>Proposed Conclusions of Law</u>

1. The documents RPS requests the Court maintain under seal, *e.g.*, RPS's business and training strategies as well as Plaintiff's personal identifying information, are the types of documents commonly sealed. *See Mazzanti v. GE*, No. 3:13-cv-1799, 2017 U.S. Dist. LEXIS 32897, at *3, *7 (D. Conn. Mar. 7, 2017) ("Documents falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.") (quoting *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999)); *see also United States SEC v. Ahmed*, No. 3:15cv675 (JBA), 2018 U.S. Dist. LEXIS 152504, at *4-5 (D. Conn. Sept. 6, 2018) (granting motion to seal documents containing "personal financial information . . . [and] personal contact information").

2. The identified excerpts from the Lindenfelzer deposition and the appended Exhibit 6 discuss confidential business and training strategies as well as RPS's relationship with its client, WinnResidential.

3. RPS has a compelling interest to maintain the confidentiality of the information included in Exhibit H and Exhibit 6 because if this information is disclosed to the public it could cause RPS significant competitive harm. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (finding courts should deny public access to court records that could be used "as sources of business information that might harm a litigant's competitive standing."); *see also Refco Grp. Ltd., LLC v. Cantor Fitzgerald*, L.P., No. 13 Civ. 1654, 2015 U.S. Dist. LEXIS 92301, at *15 (S.D.N.Y. July 15, 2015) (noting courts allow sealing of documents containing "highly proprietary material concerning the defendant's marketing strategies, product developments, and cost and budgeting.") (citing *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011)).

4. Exhibit 24 to Exhibit B contains sensitive personal identifying and financial information about Plaintiff.

5. The sensitive nature of the information contained in Exhibit 24 to Exhibit B to Plaintiffs' Motion outweighs the public's right to access this information and the Court should maintain this document under seal. See Ahmed, 2018 U.S. Dist. LEXIS 152504, at *5 (finding the "privacy and confidentiality of [defendant's personal information] . . . outweigh the public's interest in access to that information . . . .").

6. The general public would have only modest interest in the information at issue because it was generated by, and relates to, the internal activities of private entities and individuals. This interest is outweighed by the competitive harm RPS

could suffer and the general harm Plaintiff could suffer if these documents were disclosed to the public.

7. No alternative to sealing is possible because the documents at issue were attached to Plaintiffs' Memorandum in Support of Their Partial Motion for Summary Judgment.

10. It is appropriate to maintain under seal the contents of Exhibit H to Plaintiffs' Motion: 18:19-19:4 and 107:8-108:22; Exhibit 6 to Exhibit H; and Exhibit 24 to Exhibit B.

    Respectfully submitted,

    /s/ Daniel W. Cohen
    Daniel W. Cohen (Bar No. CT 30467)
    TROUTMAN SANDERS LLP
    875 Third Avenue
    New York, NY 10022
    Telephone: (212) 704-6000
    Facsimile: (202) 704-6288
    Email: dan.cohen@troutman.com

    Timothy J. St. George, *Pro Hac Vice*
    TROUTMAN SANDERS LLP
    1001 Haxall Point
    Richmond, VA 23219
    Telephone: (804) 697-1254
    Facsimile: (804) 698-6013
    Email: timothy.st.george@troutman.com

40243878