# EXHIBIT 6

| | |
|---|---|
| **From:** | Eric Dunn |
| **To:** | St. George, Timothy J.; dan.cohen@troutmansanders.com |
| **Cc:** | david.anthony@troutman.com; Sarah White; Salmun Kazerounian; Greg Kirschner |
| **Subject:** | Re: Arroyo et al v. Corelogic Rental Property Solutions |
| **Date:** | Wednesday, January 9, 2019 2:47:27 PM |
| **Attachments:** | Discovery conference follow up 1-9-2019.pdf |

Tim--
Good chatting with you today.  Attached please find a letter which I hope accurately summarizes everything we agreed on.
Thanks.
--EGD


Eric Dunn
Director of Litigation
**National Housing Law Project**
919 E. Main Street, Ste. 610
Richmond, VA 23219
Tel: (415) 546-7000, ext. 3102


On Fri, Jan 4, 2019 at 1:23 PM Eric Dunn <edunn@nhlp.org> wrote:
> Hi Tim, Dan, and David-
> I am writing to schedule a discovery conference regarding Corelogic's responses to plaintiffs' first set of requests for production.  See attached letter.  If the proposed time doesn't work for you, please let me know and we can find another time.
>
> Thanks.
> --EGD
>
>
> Eric Dunn
> Director of Litigation
> **National Housing Law Project**
> 919 E. Main Street, Ste. 610
> Richmond, VA 23219
> Tel: (415) 546-7000, ext. 3102

January 9, 2019

Timothy J. St. George
Troutman Sanders LLP
Troutman Sanders Bldg.
1000 Haxall Point
Richmond, VA 23219
By email only to: tim.st.george@troutman.com

Re: *Arroyo et al. v. Corelogic Rental Property Solutions, LLC,* Cause No. 3:18-cv-00705-VLB

Dear Counsel:

Thank you for speaking with us by phone on January 9, 2019, regarding Plaintiffs' First Set of Requests for Production. In our call, we agreed to take the following steps to resolve Plaintiffs had raised about Corelogic's responses:

- Regarding Request for Production No. 6, you agreed to inquire with Corelogic regarding document retention policies and update us on what materials may be available;

- Regarding Request for Production No. 7, you described the inquiries you made with Corelogic regarding potentially responsive materials. We agreed that your explanation satisfied our concern that not all responsive materials had been identified.

- Regarding Requests for Production Nos. 10, 12, 16, and 19, we expressed concern that many of the documents produced in response contained unidentified redactions. In particular we referenced documents bearing Bates numbers 264-337 and 342-408  You agreed to review the redacted materials and provide high-level descriptions of the redacted items;

- Regarding Requests for Production Nos. 13 and 14, you stated that Corelogic cannot provide Mikhail Arroyo's consumer filed without current verification that Carmen is his conservator. We agreed to obtain updated verification and provide this to you;

- Regarding Requests for Production Nos. 27-29, you agreed to review the requests with appropriate technical personnel from Corelogic and update us on what responsive information might exist and your position regarding its production;

- Regarding Request for Production No. 31, you agreed to provide us with the information necessary to interpret review the requests with appropriate technical personnel from Corelogic regarding documents produced under Bates Nos. 205, 341 and 342. You also agreed to review the request with appropriate technical personnel from Corelogic in the expectation of providing a database schema, data dictionary, and or other documents describing the structure of any databases relating to or used by CrimSAFE and the meaning of the data they contain. You agreed to update us on what such responsive information might exist and your position regarding its production;

- Regarding Request for Production No. 32, we expressed the belief that Corelogic likely has documents which state or indicate what types of reports its criminal records databases are capable of generating, and

- that such materials would have been responsive.  We were not able to come to a specific agreement on additional action steps, however.  But we did recognize that additional information or materials produced in response to Request No. 31 could fully or partially resolve our concerns in connection with No. 32.  Therefore, we agreed to await your updates regarding No. 31 and then revisit this request for production thereafter.

- Last, we stated that we objected to the confidentiality designation made on documents bearing Bates numbers 1-433, save for a user name and password on pages 252-253.  You agreed to review the designation of confidentiality and update us on your position.

We agreed that each of the respective tasks we have agreed to perform shall be completed no later than January 18, 2019.

Following the discovery conference portion of the call, we also discussed some additional housekeeping matters, and decided:

- Plaintiffs will email you a proposal for pushing back expert witness disclosure deadlines by 30 days;

- Plaintiffs will email you by Friday, Jan. 11, regarding our position on whether defendant bears burden of proof on any issues (and would therefore need to designate an expert by first deadline); and

- The parties will inquire with Judge Bryant as to the status of the pending motion to dismiss at the discovery call scheduled for early March, if no decision has been issued by then.

I hope you will agree this letter accurately summarizes our agreements as to each issue.  If you feel I have misstated any item, please let me know at your earliest opportunity.   As always, you can reach me at edunn@nhlp.org or by telephone (415-432-5702).

Sincerely,

*EGD*

Eric Dunn
National Housing Law Project

cc: Salmun Kazerounian, Greg Kirschner, Sarah White, Daniel Cohen, Anthony David

NATIONAL HOUSING LAW PROJECT

1663 Mission St.  Suite 460  San Francisco, CA 94103 | 415.546.7000
1025 Vermont Ave., N.W.  Suite 606  Washington, D.C. 20005