# EXHIBIT D

# HEINONLINE

Citation:
Megan C. Kurlychek; Robert Brame; Shawn D. Bushway, Scarlet Letters and Recidivism: Does an Old Criminal Record Predict Future Offending, 5 CRIMINOLOGY & PUB. POL'Y 483 (2006).

Content downloaded/printed from *HeinOnline*

Thu Jun 20 13:50:24 2019

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and Conditions of the license agreement available at https://heinonline.org/HOL/License

-- The search text of this PDF is generated from uncorrected OCR text.

-- To obtain permission to use this article beyond the scope of your HeinOnline license, please use:

*Copyright Information*



Use QR Code reader to send PDF to your smartphone or tablet device

# SCARLET LETTERS AND RECIDIVISM: DOES AN OLD CRIMINAL RECORD PREDICT FUTURE OFFENDING?*

MEGAN C. KURLYCHEK
ROBERT BRAME
  University of South Carolina

SHAWN D. BUSHWAY
  University of Maryland

*Research Summary:*
*This research explores the issue of old prior records and their ability to predict future offending. In particular, we are interested in the question of whether, after a given period of time, the risk of recidivism for a person who has been arrested in the distant past is ever indistinguishable from that of a population of persons with no prior arrests. Two well-documented empirical facts guide our investigation: (1) Individuals who have offended in the past are relatively more likely to offend in the future, and (2) the risk of recidivism declines as the time since the last criminal act increases. We find that immediately after an arrest, the knowledge of this prior record does significantly differentiate this population from a population of nonoffenders. However, these differences weaken dramatically and quickly over time so that the risk of new offenses among those who last offended six or seven years ago begins to approximate (but not match) the risk of new offenses among persons with no criminal record.*

*Policy Implications:*
*Individuals with official records of past offending behavior encounter a barrier when they try to obtain employment, even if a person's most recent offense occurred in the distant past. There are many reasons for such obstacles, but they are at least partially premised on the concern that individuals with arrest records—even from the distant past—are more likely to offend in the future than persons with no criminal history. Our analysis questions the logic of such practices and suggests that after a given period of remaining crime free, it may be prudent to*

---

* We would like to thank Maurice Emsellem for asking the question that instigated this research effort. We would also like to thank Alfred Blumstein, Alex Piquero, Debbie Mukamal, participants at the University of Maryland's Economics and Crime Seminar, NCOVR's Workshop on Criminal Career Research and Sentencing Policy, and John Jay College's Prisoner Reentry Institute for helpful comments and feedback. All errors remain our own.

for an ex-felon ever becomes similar, or equal to, the risk of offending for someone who has never offended at all? If so, after what period of time since the last arrest or conviction does this occur?

In phrasing the question this way, we want to be clear from the beginning that this article is fundamentally a policy exercise and not an exercise in developmental criminology. The article is specifically designed to help employers and public policy makers determine the relevance of criminal history records for predicting future behavior, including but not limited to future arrest and conviction. Therefore, we base our assessment on the types of criminal history records to which employers might have access, although we acknowledge that these are not a perfect reflection of criminality.

To be specific, we use arrest data from the Philadelphia police records for a cohort of individuals born in 1958. We imagine a scenario in which a Philadelphia native applies to a Philadelphia employer for a job. Our data approximate what a Philadelphia employer would have found had he/she gone to the local courthouse and conducted his/her own search. Such a search is relatively easy to conduct, and it is considered the gold standard of searches by the private records industry (Peterson, 2005). We begin in the next section with a discussion of the literature on the use of criminal history records to predict future behavior.

## LITERATURE REVIEW

The notion that past behavior is one of the best predictors of future behavior has been accepted as fact in a variety of fields. For example, in the field of education, entrance to college depends on past academic performance in high school and on standardized tests to predict future success. In personal finance matters, creditors rely on an individual's past reliability in paying bills on time and meeting financial obligations to assign a credit score. This score is then used to determine future lending opportunities. Similarly, when applying for auto insurance, one is almost always asked a question such as: "Have you had any traffic violations in the past 3 years?" The answer to this all-important question directly impacts one's insurance premium.

The field of criminal justice has also relied heavily on this basic knowledge. For example, it is known that about 30% to 60% of juvenile delinquents go on to have at least one adult offense (Brame et al., 2003; Farrington, 1987; McCord, 1978; Shannon, 1982). Analysis of recidivism data in several cohorts reported by Blumstein et al. (1985) reveals that most individuals with multiple past official records of offending accumulate new official records of offending in the future [see also, Greenberg