UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **Connecticut Fair Housing Ctr, et al.** **Plaintiffs,** | : : |
| v. | : No. 3:18-cv-705-VLB : : |
| **CoreLogic Rental Property Solutions, LLC,** **Defendant.** | : March 3, 2022 : : : |

## MEMORANDUM OF DECISION DENYING MOTIONS TO AMEND THE JOINT TRIAL MEMORANDUM [DKTS. 239, 242].

Before the Court is Plaintiffs' Motion to Amend the Joint Trial Memorandum ("JTM") to list seven additional exhibits; [Pl.'s Mot. to Am., Dkt. 239]; and Defendant's Motion to Amend the JTM to add six exhibits. [Def.'s Mot. to Am., Dkt. 242]. The Court interprets the parties' motions as motions to extend the JTM deadline. The original JTM deadline was set for October 9, 2019. [Dkt. 27]. That deadline was extended until June 8, 2020, after extensions of time were afforded to conduct discovery and dispositive motions, and trial was scheduled to take place in July 2020. [Dkts. 148, 149]. The JTM deadline was extended again by one week to June 15, 2020 on Defendant's motion to extend. [Dkt. 165]. Around this time, the COVID-19 pandemic began. Shortly before the JTM deadline, the parties submitted a joint report indicating that Defendant was unwilling to conduct a trial entirely by videoconference. [Dkt. 166]. The JTM was ultimately filed on June 15, 2020. [Dkt. 178]. Trial was continued until February 2021 because having any portion of the trial in person, as Defendant insisted, jeopardized the risk to health and safety of the participants during that time in the COVID-19 pandemic. [Dkt.

190]. On December 11, 2020, the parties filed a joint motion to continue the trial until the COVID-19 pandemic was abated. [Dkt. 200]. The Court granted in part and denied in part the parties' motion directing the parties that it will schedule the trial when civil trials resume. [Dkt. 204]. On April 6, 2021, the court conducted a status conference with the parties to determine when they would be ready to proceed to trial. [Dkt. 212]. The parties were ordered to meet and confer and file a notice of available trial dates. [Dkt. 213]. On May 13, 2021, the parties file a joint notice with proposed trial dates. [Dkt. 216] The next day, the Court conducted a status conference, where the parties reported being unable to proceed to trial in July as was made available. [Dkt. 217]. The Court entered trial dates for November 2021; [Dkt. 218]; which the parties move to continue. [Dkt. 220]. The Court rescheduled the trial to begin March 14, 2022. [Dkt. 227].

Now, twenty months after the JTM was due and less than a month before trial, both parties seek to amend their JTM to include new exhibits. Plaintiff seeks to add the following trial exhibits:

> Exhibit 102 - "The Color of Justice: Racial and Ethnic Disparity in State Prisons," by Ashley Nellis, Ph.D., available at https://www.sentencingproject.org/publications/the-color-of-justice-2016-report/.
>
> Exhibit 103 "Uneven Justice: State Rates of Incarceration by Race and Ethnicity" by Marc Mauer & Ryan King, available at https://www.sentencingproject.org/publications/uneven-justice-state-rates-ofincarceration-by-race-and-ethnicity/.
>
> Exhibit 104 - "Crime in Connecticut, 2016," available at https://www.dpsdata.ct.gov/dps/ucr/data/2016/Crime%20in%20Connecticut%202016.pdf.
>
> Exhibit 105 - print outs from the U.S. Census Bureau, 2016 American Community Survey 1-Year Estimates, Table DP05: ACS Demographic

>and Housing Estimates, available at https://data.census.gov/cedsci/table?q=DP05&g=0400000US09.
>
>Exhibit 106 - U.S. Department of Justice, Federal Justice Statistics, 2013-2014, available at https://bjs.ojp.gov/content/pub/pdf/fjs1314.pdf.
>
>Exhibit 107 - "The Alarming Lack of Data on Latinos in the Criminal Justice System" from the Urban Institute, available at https://apps.urban.org/features/latino-criminal-justice-data/.
>
>Exhibit 108 is U.S. Department of Justice, Jail Inmates in 2016, available at https://bjs.ojp.gov/content/pub/pdf/ji16.pdf.

[Pl.'s Mot. to Am.].

>Defendant seeks to add the following trial exhibits:
>
>Exhibit BE - U.S. Department of Justice, Bureau of Justice Statistics, *Felony Defendants in Large Urban Counties, 2009 – Statistical Tables* (2013)
>
>Exhibit BF - U.S. Department of Justice, Bureau of Justice Statistics, *Criminal Victimization, 2020* (2021)
>
>Exhibit BG - Federal Bureau of Investigation, Criminal Justice Information Services Division, *2019 Crime in the United States, Table 25* (2019)
>
>Exhibit BH - U.S. Sentencing Commission, *2020 Annual Report and Sourcebook of Federal Sentencing Statistics* (2021)
>
>Exhibit BI - U.S. Sentencing Commission, *Recidivism Among Federal Offenders: A Comprehensive Overview* (2016)
>
>Exhibit BJ - Connecticut Office of Policy & Management, Criminal Justice Policy

[Def.'s Mot. to Am.].

Though the parties entitle their motions as "motions to amend," the parties are seeking to modify the scheduling order to extend the time to file their JTM. "A schedule may be modified for good cause and with the judge's consent." Fed. R.

3

Civ. P. 16(b)(4). Motions for extension of time "will not be granted except for good cause." D. Conn. L. Civ. R. 7(b)1. "The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* "Agreement of the parties as to any extension of time does not by itself extend any time limitation or provide good cause for failing to comply with a deadline established by the Federal Rules of Civil Procedure, [the local] rules, or the Court." L. Civ. R. 7(b)2.

> All motions for extension of time shall be filed at least three (3) days before the deadline sought to be extended, except in cases in which compelling circumstances warranting an extension arise during the three days before the deadline. Any motion for extension of time filed fewer than three days before the deadline sought to be extended shall, in addition to satisfying all other requirements of this Rule, set forth reasons why the motion was not filed at least three days before the deadline in question.

Loc. Civ. R. 7(b)3.

Neither party has set forth good cause for extending the JTM deadline. The deadline passed over twenty months ago. During the last twenty months the parties could have moved to extend the JTM deadline to add these exhibits, but they waited until the eve of trial to seek to introduce for the Court's consideration evidence that was either available at the time of the original JTM or without any explanation as to why such evidence is relevant. Neither party has set forth a good reason for why they are just now realizing their original JTM was missing the exhibits they seek to add now. They simply claim that they seek to add the exhibits for "convenience." Springing on an opponent on the eve of trial several new exhibits that are intended to be admitted is not convenient. The other side does not have the benefit of challenging the evidence in pretrial proceedings, which is a

4

preferrable method of addressing predictable admissibility challenges. The Court doesn't have the benefit of reviewing admissibility challenges prior to trial, which again is the preferrable method of addressing predictable admissibility challenges. Nothing about this last-minute effort to sneak in exhibits without the benefit of careful pre-trial review and consideration is convenient.

As expressed to the parties at the multiple pre-trial status conferences, the Court has limited time in person to conduct this trial. The Court has a docket of cases where the parties have been ready, willing, and able to go to trial. It is unfair to the parties in those cases to allow the limited time the Court can conduct in person proceedings to be preoccupied with matters that can and should have been addressed at any point in the last twenty months. This is a waste of judicial resources and unjust.

Neither party has set forth any claim or explanation as to why these exhibits are relevant or how they could be prejudiced if the exhibits are not added at this stage. Nor is it apparent to the Court that the parties will be prejudiced as many of these exhibits appear irrelevant, unreliable, or duplicative to exhibits already in evidence. Finally, both parties have experts who have no doubt reviewed and cited to the relevant studies they considered in rendering their decision and thus admission of such material is superfluous.

Therefore, the Court finds neither party has established good cause for extending the JTM deadline and thus their motions are denied.

## CONCLUSION

For the above reasons, the Court denies Plaintiffs' Motion to Amend the JTM; [Dkt. 239]; and Defendant's Motion to Amend the JTM; [Dkt. 242].

IT IS SO ORDERED.

                                                  /s/
                                    Hon. Vanessa L. Bryant
                                    United States District Judge

Dated this day in Hartford, Connecticut: March 3, 2022